## No. 648

### GERBER, et v. GERBER

Ohio ppeals, 1st Dist., Butler Co.

No. 7. Decided May 31, 1927.

**1235. VERDICTS**—Reviewing court will not disturb rdict on ground that it was influenced by assion or prejudice where trial judge who cae from jurisdiction distant from county in wth case was tried, refused to reduce verdict r set it aside.

**225. CHARGE OF COURT**—Where burden of proof is ion plaintiff, defendant cannot claim error charge which requires plaintiff to make se by degree of proof greater than that recred by law.

Err to Common Pleas.

dgment affirmed.

First blication of this Opinion

CUSHING, J.

Bessie Kehr Gerber brought an action against Mary erber and Catherine Gerber for the alienati of the affections of her husband, charging e defendants with a conspiracy to alienate su affections. The jury returned a verdict for pntiff in the sum of $25,000, and this action prosecuted to reverse the judgment entereon that verdict.

It is argued at the verdict is excessive. As we view it, thonly question for us to consider is whether not the amount of the verdict was influenc by passion and prejudice. The trial court sv and heard the witnesses, and was in a bett position than a reviewing court to judge the tmosphere surrounding the trial.

The trial court rused to reduce the verdict, or set it aside. Thre can be no claim that he was in any way intenced by whatever public sentiment there mt have been on the question, as he came bm a jurisdiction distant from the county in vhich the case was tried, and while the verdi: seems large, under the circumstances, we al not inclined to disturb it on the ground thatit was excessive.

Plaintiff in error arues that the following portion of the chargeto the jury was erroneous. "In this case paintiff has the burden of proof, and before sh can recover she must make out her case by preponderance of the evidence, that is, by evience that is more convincing and of more weght in your minds as compared with the evidence offered by the defendants to the contrar."

The answer did not contain an affirmative defense. The only burder of proof was upon the plaintiff. It is difficut to see how plaintiff in error can claim that an erroneous charge requiring the defendant in error to make out her case by a degree of proof greater than that required by law can be assigned as an error for which the judgment should be reversed.

Judgment affirmed.

(Hamilton, PJ., and Buchwalter, J., concur).

Attorneys—Walter S. Harlan, Edgar A. Belden and Bickley & Bickley for plaintiffs in error; W. C. Shepherd, P. P. Boli and Warren Gard, for defendant in error; all of Hamilton.